UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PLASCENCIA, | No. 2:14-cv-2412 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| DAVE DAVEY, WARDEN, | |
| Respondent. | |

I. Introduction

      Petitioner is a state prisoner, proceeding without counsel, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed October 14, 2014.  On February 11, 2015, petitioner filed a request to delay the decision in the instant action because he is in the process of exhausting additional claims in the California Supreme Court. On February 18, 2015, respondent filed a conditional non-opposition to the motion for stay, provided the stay is granted pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 13 at 1-2.)  Respondent confirms that petitioner filed a habeas petition in the California Supreme Court on January 26, 2015.  (ECF No. 13 at 1.)  As set forth more fully below, petitioner's motion for stay is granted under Kelly, 315 F.3d at 1071.

////

////

1

1  II. <u>Motion to Stay</u>

2     A state prisoner must exhaust available state remedies before a federal habeas court will consider his claim. <u>See</u> 28 U.S.C. § 2254(b)(1)(A); <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (1982) ( "Our interpretation of § [ ] 2254(b) [ ] provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). This "exhaustion requirement" is met "once the federal claim has been fairly presented to the state courts." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).

    A petition containing both exhausted and unexhausted claims is referred to as a "mixed" petition. <u>Rhines v. Weber</u>, 544 U.S. 269, 271 (2005). In <u>Rhines</u>, the United States Supreme Court addressed "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." <u>Id.</u> at 271-72. Here, the petition contains only exhausted claims, and is therefore not a "mixed" petition. Thus, a stay pursuant to <u>Rhines</u> is not appropriate. <u>See</u> <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005) (explaining that "<u>Rhines</u> applies to stays of mixed petitions" -- not "fully exhausted petitions").

    Nevertheless, district courts have discretion to stay proceedings when confronted with a petition that contains only exhausted claims. <u>Kelly v. Small</u>, 315 F.3d 1063, 1071 (9th Cir. 2002); <u>see also</u> <u>Scott v. Lewis</u>, 2013 WL 2951042, at *1 (N.D. Cal. June 14, 2013) ("It is well-settled that a district court has the discretion to hold in abeyance a petition containing only exhausted claims.").

> A stay should be granted in exceptional cases if: (1) the claims the petition seeks to pursue are cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner should a stay be denied; and (3) there is no evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an abuse of the writ.

<u>Scott</u>, at *1 (citing <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993)).

    Here, petitioner requests a stay of the proceedings so that he can exhaust ineffective assistance of counsel claims presently pending before the California Supreme Court. Such claims are cognizable habeas claims, and there is a likelihood of prejudice to petitioner should the stay be denied. Finally, there is no evidence that petitioner brought his request for stay to delay, vex

2

or harass, or that the request is an abuse of the writ, and respondent does not oppose such stay. Accordingly, petitioner's motion for stay is granted under Kelly.

III. Subsequent Request

In addition, on February 17, 2015, petitioner filed a document styled "Request to allow substantial evidence. . . .," but such filing appears to address the merits of the presently unexhausted claims rather than plaintiff's arguments in support of his request to stay this case pending exhaustion. Thus, petitioner's request to allow evidence is denied without prejudice; petitioner may opt to include such evidence in any proposed amended petition submitted following exhaustion of the additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (ECF No. 11) is granted pursuant to Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2002);

2. Within thirty days from the date of any order by the California Supreme Court addressing petitioner's habeas petition, petitioner shall file a motion to lift the stay of this action;

3. Petitioner's request (ECF No. 14) is denied without prejudice; and

4. The Clerk of the Court is directed to administratively close this case.

Dated: February 27, 2015

/plas2412.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE