UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PLASCENCIA, | No. 2:14-cv-2412 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| MICHAEL SEXTON, Warden,[1] | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. Petitioner filed a second amended petition in which he raised two claims for relief: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel. (ECF No. 18 at 5-17; 19-20.) Respondent filed an answer, but first addresses the state court's rejection of petitioner's claim that the jury was not instructed on elements of the state-law defense of self-defense. (ECF No. 22 at 10.) Respondent notes petitioner's disagreement with the state court's ruling, citing petitioner's original petition (ECF No. 1 at 5-15), which is no longer operative in light of petitioner's amendment. Local Rule 220. Respondent also refers to petitioner's second amended petition at 25 ¶ 14. (ECF No. 22 at 10.) However, paragraph 14 discusses how petitioner sought to stay this action to enable him to return to state court and exhaust his ineffective assistance of counsel

---

[1] The current Warden of California State Prison, Corcoran ("CSP-COR") is Michael Sexton, who is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

1 claims, and subsequently filed a motion to lift the stay to join his ineffective assistance of counsel
2 claims with the pending writ in the instant case. (ECF No. 18 at 25.) Respondent argues that
3 petitioner's "failure to engage [the state court] discussion gives respondent nothing to respond
4 to." (ECF No. 22 at 10.) Subsequently, petitioner filed an addendum to the traverse and a
5 traverse in which he substantively argues his claim concerning the jury instruction. (ECF Nos.
6 30, 31.)

It appears from petitioner's comment in the second amended petition that petitioner thought his amended petition would simply join with his original petition. (ECF No. 18 at 25.) However, the Federal Rules require that the habeas petition must, *inter alia*, (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground. Rule 2(c), 28 U.S.C. foll. § 2254. Moreover, Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner filed an amended petition, the original petition no longer served any function in the case. Therefore, any amended petition must include all of the grounds for which petitioner seeks review, as well as any supporting facts.

Because it appears that petitioner did not intend to abandon his jury instruction claim, but rather intended his amended petition to be joined with his original petition; and in the answer, respondent referred to the original petition containing petitioner's arguments, and included argument concerning the jury instruction claim rather than arguing petitioner abandoned the claim; and to avoid any further delay, the court instructs the clerk's office to append pages 5 through 15 from petitioner's original pleading to the end of petitioner's second amended petition, beginning as a new page 30, prior to the exhibits. Thereafter, petitioner's jury instruction claim shall be identified as petitioner's ground or claim "three" rather than "one."

Respondent is granted thirty days in which to file an amended answer, or to stand on the previously-filed answer. If respondent chooses the latter option, no further filing by petitioner is permitted. If respondent files an amended answer, petitioner is granted thirty days in which to file <u>one</u> amended traverse.

2

1 | Accordingly, IT IS HEREBY ORDERED that:
2 | 1. The Clerk of the Court shall append pages 5 - 15 of the original petition (ECF No. 1 at 5 - 15), without the case banner, to the end of the second amended petition (ECF No. 18) beginning as a new page 30, prior to the exhibits.

2. Within thirty days from the date of this order, respondent shall file either (a) an amended answer, or (b) a notice that respondent stands on the previously-filed answer. If respondent chooses option (b), no further filing by petitioner is permitted. If respondent files an amended answer, petitioner is granted thirty days in which to file <u>one</u> amended traverse.

Dated: September 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

plas2412.fb